**Affirmed and Memorandum Opinion filed November 6, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00146-CR

---

**MARCUS EARL LOCKETT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1300847**

---

### M E M O R A N D U M   O P I N I O N

Appellant Marcus Earl Lockett appeals his conviction for capital murder. In a single issue he contends the evidence is insufficient to support the jury's verdict. We affirm.

On the night of June 8, 2008, Jorge Hernandez was working as a tanker truck driver refilling gas stations. Late in the evening, his girlfriend, Maria Ramos, met him at a gas station and brought dinner. While Hernandez finished unloading the gasoline into the station's tanks, Ramos went inside to purchase sodas. When she returned to her car,

she saw Hernandez talking with two men who asked him for free gas. After those two men left, Ramos saw another man wearing a baseball cap approach Hernandez and point a gun at him. The gunman demanded money, but Hernandez told him he did not have any money. Hernandez called out for Ramos to call the police, at which point the gunman turned and looked at Ramos, giving her a clear view of his face and the gun. A struggle ensued and Hernandez was shot and killed. During the struggle, the gunman lost his baseball cap. The baseball cap was recovered by police and stored as evidence.

Later that summer, appellant was riding in a car with a female companion, Bertha Salazar. Police stopped the car and arrested appellant, Salazar, and another woman on weapon and drug charges. Salazar told police the gun belonged to appellant. The gun was seized and stored in the property room at the police department.

In 2011, police developed a new lead that appellant could have been the gunman who killed Hernandez. Police were able to obtain a buccal swab from appellant and matched it to DNA extracted from the baseball cap lost by the gunman at the gas station three years earlier. Police investigated appellant and discovered information about the gun that had been seized in 2008 from the car in which appellant was a passenger. Fragments of the bullets that killed Hernandez were compared with the gun recovered in 2008. The comparison resulted in a conclusion that the weapon seized from the vehicle in 2008 was the weapon used to kill Hernandez. Maria Ramos was called to view a lineup in which appellant was a participant. Ramos positively identified appellant as the man who killed Hernandez. Ramos re-affirmed her identification of appellant at trial.

James Britt Lloyd, who was in the county jail at the same time as appellant, testified that appellant admitted he was concerned about a capital murder charge. Appellant told Lloyd he attempted to rob a truck driver, there was a scuffle, and he had no choice but to shoot the truck driver. Appellant expressed further concern that he left his cap at the scene and that his DNA could be used to connect him with the crime.

The jury found appellant guilty of capital murder, and he was sentenced to life in prison without the possibility of parole.

In a single issue, appellant contends the evidence is insufficient to support the jury's verdict. A person commits the offense of capital murder if he intentionally commits murder "in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, arson, obstruction or retaliation, or terroristic threat[.]" Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(2).

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.*

Appellant contends Ramos' identification was undermined on the grounds that it was made almost three years after the offense, and she stated earlier that another individual looked like the robber. Appellant also argues that although he was riding in the vehicle from which the weapon was seized, the weapon was not found on his person. Finally, appellant challenges the credibility of Lloyd as he has numerous prior convictions. Appellant argues that "the weaknesses in the state's evidence were such that no rational jury could have found Appellant guilty beyond a reasonable doubt."

With regard to identity, not only did Ramos make a positive identification in the lineup and in court, but DNA from the baseball cap the gunman was wearing at the time of the offense matched appellant's DNA. With regard to the weapon found in Salazar's vehicle, appellant was a passenger in the vehicle at the time, and Salazar, when questioned by the police, stated that the weapon belonged to appellant. The fact that Lloyd's testimony may have been subject to impeachment as coming from an admitted

felon goes to the weight of the evidence, and was within the province of the jury as the exclusive judge of the credibility and the weight to be given Lloyd's testimony.  *See Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008) (any alleged inconsistencies in the witnesses' testimony concern the credibility and weight to be given certain testimony.).

Having reviewed all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was guilty of murder in the course of committing robbery.  We overrule appellant's sole issue on appeal.

The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).

4